People v Woerner (2023 NY Slip Op 51401(U))

[*1]

People v Woerner (Briarose)

2023 NY Slip Op 51401(U)

Decided on December 14, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 14, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : ELIZABETH H. EMERSON, J.P., JERRY GARGUILO, TIMOTHY S. DRISCOLL, JJ

2022-571 S CR

The People of the State of New York, Appellant,
against
Briarose Woerner, Respondent. 

Suffolk County District Attorney (Grazia DiVincenzo of counsel), for appellant.
Suffolk County Legal Aid Society (Amanda E. Schaefer of counsel), for respondent.

Appeal from an order of the District Court of Suffolk County, First District (Pierce F. Cohalan, J.), dated April 12, 2022. The order, insofar as appealed from, upon granting the branch of defendant's post-verdicts motion seeking leave to renew a pretrial motion, granted defendant's motion for an order finding the initial and supplemental certificates of compliance invalid and, upon such a finding, dismissing the accusatory instruments on the ground that defendant's statutory right to a speedy trial had been violated and vacating the jury verdicts of guilt.

ORDERED that the order, insofar as appealed from, is reversed, on the law, upon renewal, defendant's motion for an order finding the initial and supplemental certificates of compliance invalid and, upon such a finding, dismissing the accusatory instruments on the ground that defendant's statutory right to a speedy trial had been violated and vacating the jury verdicts of guilt is denied, the accusatory instruments and jury verdicts of guilt are reinstated, and the matter is remitted to the District Court for all further proceedings.
By separate accusatory instruments dated October 20, 2020, defendant was charged with assault in the third degree (Penal Law § 120.00 [1]) and criminal mischief in the fourth degree (Penal Law § 145.00 [1]), respectively. The People filed an initial certificate of compliance (CoC) and a statement of readiness (SoR) on December 3, 2020 (see CPL 30.30 [5]; 245.50). Thereafter, the People filed supplemental CoCs. Insofar as is relevant, on November 5, 2021, defendant moved for an order finding the People's initial and supplemental CoCs invalid and, upon such a finding, dismissing the accusatory instruments because the People had never validly declared readiness. That motion was denied. A jury trial ensued, at which defendant was found guilty of both charges. Before judgments of conviction were entered, defendant moved for leave to renew her November 5, 2021 motion on the ground that defendant had just learned that the [*2]People had failed to disclose Internal Affairs Bureau (IAB) reports concerning the police officer who testified as part of the People's case. By order dated April 12, 2022, insofar as appealed from, the District Court, upon granting the branch of defendant's post-verdicts motion seeking leave to renew her pretrial motion (see CPLR 2221 [e]), found that the IAB reports should have been disclosed, that the People claim of due diligence was unavailing, held, as a result, that the People's initial and supplemental CoCs and SoRs were invalid until the IAB reports were belatedly produced, and granted the branch of defendant's motion seeking to dismiss the accusatory instruments, due to the violation of defendant's statutory right to a speedy trial, and to vacate the jury verdicts of guilt.
For the reasons stated in People v Fuentes (— Misc 3d —, 2023 NY Slip Op — [appeal No. 2022-515 S CR], decided herewith), the order, insofar as appealed from, is reversed, upon renewal, defendant's motion for an order finding the initial and supplemental certificates of compliance invalid and, upon such a finding, dismissing the accusatory instruments on the ground that defendant's statutory right to a speedy trial had been violated and vacating the jury verdicts of guilt is denied, the accusatory instruments and jury verdicts of guilt are reinstated, and the matter is remitted to the District Court for all further proceedings.
EMERSON, J.P., GARGUILO and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 14, 2023